IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARLOWE MUNOZ, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO: 7:20-CV-00020 |
| CITY OF PENITAS, | § | |
| RUBEN GARCIA, in his Individual Capacity, | § | **JURY DEMAND** |
| ROBBIE GARCIA, in his Individual Capacity, and | § | |
| OMAR ROMERO, in his Individual Capacity. | § | |
|    *Defendants*. | § | |

## PLAINTIFF MARLOWE MUNOZ'S ORIGINAL COMPLAINT

### INTRODUCTION

COMES NOW, Plaintiff, by and through counsel, and in support of his claims against the above named and unnamed Defendants respectfully states:

### NATURE OF THE ACTION

1. This is a civil rights lawsuit brought by the Plaintiff, Marlowe Munoz, a victim of false arrest by the Defendants. Pursuant to 42 USC 1983 and 42 USC 1988 compensatory and punitive damages are sought against the Defendants. Plaintiff seeks punitive damages from the individual Defendants only and does not seek punitive damages from the CITY OF PENITAS or the individuals in their official capacity. Charges and Damages are also sought against all Defendants who were co-conspirators in seeking the arrest on false charges against Plaintiff.

## PARTIES

2. Plaintiff resides in Hidalgo County, Texas and can be contacted through counsel.

3. Defendant Ruben Garcia is an individual who can be served at his last known address, 1621 Military Road, Penitas, TX 78576.

4. Defendant Robbie Garcia is an individual who can be served at his last known address, 1111 S. Main Street, Penitas, TX 78576.

5. Defendant Omar Moreno is an individual who can be served at his last known address, 1111S. FM 1427, Penitas, TX 78576.

6. Defendant City of Penitas can be served through its City Manager, Omar Moreno at 1111S. FM 1427, Penitas, TX 78576.

## JURISDICTION & VENUE

7. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343.

8. Venue is proper under 28 U.S.C. section 1391 in that the Defendants and Plaintiff reside and the cause of action arises in Hidalgo County, Texas which is within the venue of the Southern District of Texas, McAllen Division.

## FACTS

9. Plaintiff Marlow Munoz is an EMT, however he was also lending his time as a volunteer fireman for the City of Penitas.

10. Plaintiff filed an informal complaint against Defendants Ruben and Robbie Garcia, who are brothers who work as the Fire Captain and a Police Officer (respectively) for the City of Penitas.

11. Mr. Munoz alleged to the City Manager, Defendant Omar Romero, that the two brothers were engaged in improper relationships with other volunteer firefighters.

12. Mr. Munoz was asked to drop the issue by the City Manager Omar Moreno, but Mr. Munoz refused to do so.

13. When Mr. Munoz showed up to the fire department on January 24, 2018, Robbie Garcia arrested Mr. Munoz and charged him with making a terroristic threat, trespassing, and unlawful carrying of a weapon, all misdemeanors.

14. When he was presented to Penitas Municipal Court his bonds were set at $50,000 each, for a total of $150,000.

15. The trespassing claim apparently stems from the Officers's assertion that Mr. Munoz was advised that he was no longer welcomed at the fire station; Mr. Munoz could not identify any reason as to the terroristic threat, and as for the unlawful carrying of a handgun, it is alleged that Mr. Munoz had a handgun in plain view inside his vehicle.

16. Mr. Munoz was taken to Hidalgo County Jail, where he remained until February 14, 2018 when his bonds were reduced to $3,000 personal recognizance bonds on each charge, and he was promptly released.

17. Ultimately, the Hidalgo County District Attorneys office only filed a complaint and information on the charges of criminal trespass and unlawful carrying of a firearm (see CR-18-12553-H and CR-18-12554-H).

18. A motion to suppress was filed on the cases, and it was granted. The court's docket notes that the motion to suppress was granted due to the officers involved not coming to court on multiple occasions for the suppression hearing.

19. At the hearing only the City Manager and the Mayor testified on behalf of the State. After the suppression was granted, the DA's office dismissed the two counts..

20. Defendant Robbie Garcia with the assistance of all the other Defendants conspired in order to have Plaintiff falsely arrested, without probable cause, and falsely imprisoned Plaintiff.

21. The Defendants' actions were under the color of law.

22. The Defendants' actions were reckless and callously indifferent to Plaintiff's federally protected rights.

23. The use of the investigative power of the City of Penitas police force against Plaintiff was the result of a policy, practice and custom of the City of Penitas to inadequately supervise and discipline law enforcement officers who exceeded their authority, including falsely arresting individuals, falsely accusing individuals without probable cause and making false allegations in arrest and search affidavits.

24. The policy, practice and custom of the City of Penitas is that when police officers falsely accuse and swear out false complaints and falsely arrest individuals there are no repercussions. As a result of these illegal actions, there is no reprimand, discipline or corrective action of the officers for their actions, thereby condoning their actions by their employer, in violation of the federally protected rights of individuals under the First, Fourth, Fifth and Fourteenth amendments to the Constitution of the United States of America, such as the Plaintiff.

25. The above policies and practices have resulted in culture of "silence" within the City of Penitas police department and police officers conclude that their use of their authority in an unlawful manner will not result in discipline, termination, or criminal prosecution against them.

26. The actions by the Defendants were authorized by the City of Penitas if not explicitly then implicitly. No action was ever taken by the employer to correct the actions taken by the Defendants. No reprimands were ever issued to the individual Defendants.

27. The actions taken by the individual Defendants and either explicitly or implicitly approved by the City are in violation of Texas Penal Code sections 39.02 abuse of official capacity, 30.03 official oppression and violation of section 37.02 perjury.

28. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27.

29. The Defendants' actions constituted an unlawful deprivation of Plaintiff's liberty without due process of law in violation of the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

30. As a result of the above-alleged illegal acts, Plaintiff has suffered emotional pain, suffering, and inconvenience, mental anguish, loss of enjoyment of life, loss of earnings, and other nonpecuniary losses.

31. As alleged in detail in the facts portion of this complaint, Plaintiff's arrest was illegal, unlawful and constituted a violation of his rights under the United States Constitution and 42 USC 1983.

32. As alleged in detail in the facts portion of this petition, Plaintiff's arrest was without probable cause.

33. As alleged in detail in the facts portion of this Complaint Defendants conspired with others to commit the false arrest of Plaintiff and otherwise deprive him of his civil rights. The Fifth Circuit has recognized that section 1983 plaintiffs may assert a conspiracy claim. *See Owens v. Board of Regents of Texas Southern University*, 953 F.Supp. 781, 791(S.D.Tex.1996). Conspiracy is a legal

mechanism to impose liability on each and all of the Defendants without regard to the person doing the actual act. A conspiracy regarding state action, namely the wrongful arrest of Plaintiff, took place. Plaintiff's constitutional rights were deprived as a result of the conspiracy by acts of a party to the conspiracy.

34. The actions by the Defendants constitute criminal conduct pursuant to Texas Penal Code §39.03, Official Oppression, §37.02 abuse of official capacity and §37.02 perjury.

35. Pleading in the alternative, Defendants violated Plaintiff's First Amendment rights by retaliating against him for the complaints he made stated above.

36. Pleading in the alternative, Defendants conduct constitutes malicious prosecution. The Plaintiff incorporates and re-alleges the above paragraphs.

37. A criminal prosecution was commenced against Plaintiff.

38. The Defendants initiated or procured the prosecution.

39. The prosecution was terminated in plaintiff's favor.

40. The plaintiff was innocent of the charges.

41. The defendants did not have probable cause to initiate or procure the prosecution.

42. The defendants acted with malice.

43. The plaintiff suffered damages as a result of the prosecution.

44. Pleading in the alternative, Defendants conduct constitutes defamation. The Plaintiff incorporates and re-alleges the above paragraphs.

45. As a result of the actions of the Defendants Plaintiff has suffered actual and compensatory damages.

## JURY TRIAL REQUESTED

46. Plaintiff hereby requests a trial by jury on all issues.

47. WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against all Defendants and award Plaintiff the following:

   a. Compensatory damages arising from the physical and emotional injury, including pain and suffering, loss of earnings, loss of reputation and humiliation Plaintiff suffered as a result of Defendants misconduct;

   b. Punitive damages from the individual Defendants as allowed by law;

   c. Prejudgment interest as allowed by law;

   d. Post-judgment interest as allowed by law;

   e. Attorneys' fees;

   f. Court costs; and

   g. Such other legal and equitable relief ultimately justified by the proof in this case.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

*/s/ John F. Melton*
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155

**AND**

        THE FERRARO LAW FIRM
        1504 West Avenue
        Austin, Texas 78701
        Telephone: 512/474-7742
        Facsimile: 512/474-8106

        */s/ Peter E. Ferraro*
        Peter E. Ferraro
        State Bar No.  06934600
        Ferrarolaw.@mac.com
        ATTORNEYS FOR PLAINTIFF