IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARLOWE MUNOZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO: 7:20-CV-00020 |
| CITY OF PENITAS, | § | |
| RUBEN GARCIA, in his Individual Capacity, | § | **JURY DEMAND** |
| ROBBIE GARCIA, in his Individual Capacity, and | § | |
| OMAR ROMERO, in his Individual Capacity. | § | |
| *Defendants*. | § | |

## <u>PLAINTIFF MARLOWE MUNOZ'S AMENDED ORIGINAL COMPLAINT</u>

## <u>INTRODUCTION</u>

COMES NOW, Plaintiff, by and through counsel, and in support of his claims against the above named and unnamed Defendants respectfully states:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil rights lawsuit brought by the Plaintiff, Marlowe Munoz, a victim of false arrest by the Defendants. Pursuant to 42 USC 1983 and 42 USC 1988 compensatory and punitive damages are sought against the Defendants.  Plaintiff seeks punitive damages from the individual Defendants only and does not seek punitive damages from the CITY OF PENITAS or the individuals in their official capacity. Charges and Damages are also sought against all Defendants who were co-conspirators in seeking the arrest on false charges against Plaintiff.

## PARTIES

2.      Plaintiff resides in Hidalgo County, Texas and can be contacted through counsel.

3.      Defendant Ruben Garcia is an individual who has answered and can be served through counsel.

4.      Defendant Robbie Garcia is an individual who has answered and can be served through counsel.

5.      Defendant Omar Moreno is an individual who has answered and can be served through counsel.

6.      Defendant City of Penitas has answered and can be served through counsel.

## JURISDICTION & VENUE

7.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1988.  This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343.

8.      Venue is proper under 28 U.S.C. section 1391 in that the Defendants and Plaintiff reside and the cause of action arises in Hidalgo County, Texas which is within the venue of the Southern District of Texas, McAllen Division.

## FACTS

9.      Plaintiff Marlow Munoz is an EMT, however he was also lending his time as a volunteer fireman for the City of Penitas.

10.     Plaintiff filed an informal complaint against Defendants Ruben and Robbie Garcia, who are brothers who work as the Fire Captain and a Police Officer (respectively) for the City of Penitas.

11.     Mr. Munoz alleged to the City Manager, Defendant Omar Romero, that the two brothers were

engaged in improper relationships with other volunteer firefighters.

12.     Mr. Munoz was asked to drop the issue by the City Manager Omar Moreno, but Mr. Munoz

refused to do so.

13.     When Mr. Munoz showed up to the fire department on January 24, 2018, Robbie Garcia

arrested Mr. Munoz and charged him with making a terroristic threat, trespassing, and unlawful

carrying of a weapon, all misdemeanors.

14.     When he was presented to Penitas Municipal Court his bonds were set at $50,000 each, for

a total of $150,000.

15.     The trespassing claim apparently stems from the Officers's assertion that Mr. Munoz was

advised that he was no longer welcomed at the fire station; Mr. Munoz could not identify any reason

as to the terroristic threat, and as for the unlawful carrying of a handgun, it is alleged that Mr. Munoz

had a handgun in plain view inside his vehicle.

16.     Mr. Munoz was taken to Hidalgo County Jail, where he remained until February 14, 2018

when his bonds were reduced to $3,000 personal recognizance bonds on each charge, and he was

promptly released.

17.     Ultimately, the Hidalgo County District Attorneys office only filed a complaint and

information on the charges of criminal trespass and unlawful carrying of a firearm (see CR-18-

12553-H and CR-18-12554-H).

18.     A motion to suppress was filed on the cases, and it was granted.  The court's docket

notes that the motion to suppress was granted due to the officers involved not coming to court on

multiple occasions for the suppression hearing.

19.     At the hearing only the City Manager and the Mayor testified on behalf of the State.  After

the suppression was granted, the DA's office dismissed the two counts.

20.     Defendant Robbie Garcia with the assistance of all the other Defendants conspired in order to have Plaintiff falsely arrested, without probable cause, and falsely imprisoned Plaintiff.

21.     The Defendants' actions were under the color of law.

22.     The Defendants' actions were reckless and callously indifferent to Plaintiff's federally protected rights.

23.     As a result of the above-alleged illegal acts, Plaintiff has suffered emotional pain, suffering, and inconvenience, mental anguish, loss of enjoyment of life, loss of earnings, and other nonpecuniary losses.

24.     As alleged in detail in the facts portion of this complaint, Plaintiff's arrest was illegal, unlawful and constituted a violation of his rights under the United States Constitution and 42 USC 1983.

25.     As alleged in detail in the facts portion of this petition, Plaintiff's arrest was without probable cause.

26.     As alleged in detail in the facts portion of this Complaint Defendants conspired with others to commit the false arrest of Plaintiff and otherwise deprive him of his civil rights. The Fifth Circuit has recognized that section 1983 plaintiffs may assert a conspiracy claim. *See Owens v. Board of Regents of Texas Southern University*, 953 F.Supp. 781, 791(S.D.Tex.1996). Conspiracy is a legal mechanism to impose liability on each and all of the Defendants without regard to the person doing the actual act. A conspiracy regarding state action, namely the wrongful arrest of Plaintiff, took place. Plaintiff's constitutional rights were deprived as a result of the conspiracy by acts of a party to

27.    As a result of the actions of the Defendants Plaintiff has suffered actual and compensatory damages.

**Cause of Action against Robbie Garcia in his individual capacity**

Robbie Garcia, a police officer for the City of Penitas, had Plaintiff wrongfully arrested without probable cause because Plaintiff reported that he was having sex with volunteer women in the fire station. Officer Garcia knew what he was doing, knew that he did not have probable cause to arrest Plaintiff as detailed in Plaintiff's affidavit submitted in this case, and frankly the matter is obvious. The false arrest was done in retaliation for reporting this activity and therefore violates Plaintiff's constitutional rights. This false arrest was done in violation of his 4th amended right to not be wrongfully arrested made applicable pursuant to the 14th amendment and made actionable pursuant to 42 USC 1983.

**Cause of Action against the City of Penitas and Omar Romero**

With respect to municipal liability of the City of Penitas, this case is governed by the Fifth Circuit decision in *Turner v. Upton County, Tex.*, 95 F.2d 133 (5th Cir.1990). In *Turner*, the Fifth Circuit stated that when the trial court premised the county's liability on whether its governing body had ratified the alleged actions of these officials, i.e., whether they had acted pursuant to an official county policy or custom, the district court inadvertently overlooked the possibility that the sheriff and district attorney were themselves the final policymakers with respect to the matters under their jurisdiction whose actions, to the citizens of Upton County, were the actions of the county itself. *See id.* at 136. A municipality may be held liable for the illegal or unconstitutional actions of its final policymakers themselves as they engage in the setting of goals and the determination of how those goals will be achieved. *See id. citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292,

89 L.Ed.2d 452 (1986).

To hold a municipality liable for actions ordered by such officers exercising their policymaking authority is not an application of the theory of respondeat superior. *See id.* at 137. Municipal liability attaches to a single decision to take unlawful action made by municipal policymakers. *See id.*

The Court in *Turner* further found that the sheriff's and the district attorney's alleged participation in the conspiracy, if proven, would suffice to impose liability on the county. *See id.* "When the official representing the ultimate repository of law enforcement power in the county makes a deliberate decision to abuse that power to the detriment of its citizens, county liability under section 1983 must attach, provided that the other prerequisites for finding liability under that section are satisfied. The district court erred in absolving the county of section 1983 liability." *Id.*

In this case, the City Manager, Omar Romero, was a final policy maker, knew exactly what was going on. He knew that Ruben and Robbie Garcia were having sex in the fire station, knew that Plaintiff had reported it, yet did nothing to prevent Plaintiff's wrongful arrest and both supported and ratified the conduct. As such the City is liable for the conduct of its own City Manager, Omar Romero, who is liable for his own conduct himself. The false arrest was done in violation of his 4th amended right to not be wrongfully arrested made applicable pursuant to the 14th amendment and made actionable pursuant to 42 USC 1983.

**Cause of Action against Ruben Garcia and all individual Defendants**

As alleged in detail in the facts portion of this Complaint, the individual Defendants conspired with others to commit the false arrest of Plaintiff and otherwise deprive him of his civil rights. The Fifth Circuit has recognized that section 1983 plaintiffs may assert a conspiracy claim.

*See Owens v. Board of Regents of Texas Southern University*, 953 F.Supp. 781, 791(S.D.Tex.1996). Conspiracy is a legal mechanism to impose liability on each and all of the Defendants without regard to the person doing the actual act. A conspiracy regarding state action, namely the wrongful arrest of Plaintiff, took place. Plaintiff's constitutional rights were deprived as a result of the conspiracy by acts of Defendant Ruben Garcia and the other individual Defendants. The false arrest was done in violation of his 4th amended right to not be wrongfully arrested made applicable pursuant to the 14th amendment and made actionable pursuant to 42 USC 1983.

## JURY TRIAL REQUESTED

Plaintiff hereby requests a trial by jury on all issues.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against all Defendants and award Plaintiff the following:

a. Compensatory damages arising from the physical and emotional injury, including pain and suffering, loss of earnings, loss of reputation and humiliation Plaintiff suffered as a result of Defendants misconduct;

b. Punitive damages from the individual Defendants as allowed by law;

c. Prejudgment interest as allowed by law;

d. Post-judgment interest as allowed by law;

e. Attorneys' fees;

f. Court costs; and

g. Such other legal and equitable relief ultimately justified by the proof in this case.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


*/s/ John F. Melton*
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155

ATTORNEYS FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

  The undersigned hereby certifies that on January 20, 2023, a true and correct copy of the above and foregoing document was served *via* the Court's CM/ECF electronic service to:


email:  rdguerra@guerrasabo.com
email:  hscott@guerrasabo.com
email:  ctamayo@guerrasabo.com
R.D. "Bobby" Guerra
Heather Scott
Carlo H. Tamayo
GUERRA & SABO, P.L.L.C.
10123 N. 10th Street
McAllen, Texas 78504
ATTORNEYS FOR DEFENDANTS


          */s/ John F. Melton*
          John F. Melton